**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellant</i>,<br><br>v.<br><br>JOSE ANTONIO GONZALEZ-VALENCIA, AKA Jose Antonio Valencia Gonzalez,<br><i>Defendant-Appellee.</i></td><td>No. 19-30222<br><br>D.C. No.<br>1:18-cr-02044-SAB-1<br><br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief District Judge, Presiding

Argued and Submitted December 7, 2020
San Francisco, California

Filed February 12, 2021

Before: Danny J. Boggs,[*] Milan D. Smith, Jr., and
Mark J. Bennett, Circuit Judges.

Opinion by Judge Bennett

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY**

### Criminal Law

The panel reversed the district court's dismissal of an indictment charging illegal reentry after removal in violation of 8 U.S.C. § 1326, and remanded for further proceedings, in a case in which the district court held that the immigration court lacked jurisdiction to enter the underlying removal order because the Notice to Appear (NTA) did not list the date and time of the removal hearing, and there was no evidence that the defendant later received the missing information.

Applying *United States v. Bastide-Hernandez*, — F.3d —, 2021 WL 345581 (9th Cir. 2021)—which held that the jurisdiction of the immigration court vests upon the filing of the NTA, even one that does not at the time inform the alien of the time, date, and location of the hearing—the panel held:

- the district court erred in dismissing the indictment.

- the defendant failed to show that he can satisfy the 8 U.S.C. § 1326(d) requirements for collaterally attacking the underlying removal order based simply on the NTA's lack of date and time information, standing alone; and he is thus foreclosed from making that argument on remand.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

- the defendant may collaterally attack the underlying order on remand on other grounds, but only if he can meet all the requirements of § 1326(d).

## COUNSEL

Richard C. Burson (argued), Assistant United States Attorney; William D. Hyslop, United States Attorney; United States Attorney's Office, Yakima, Washington; for Plaintiff-Appellant.

Paul E. Shelton (argued), Federal Defenders of Eastern Washington & Idaho, Yakima, Washington, for Defendant-Appellee.

## OPINION

BENNETT, Circuit Judge:

The United States appeals from the district court's dismissal of an indictment charging Jose Antonio Gonzalez-Valencia with illegal reentry after removal, in violation of 8 U.S.C. § 1326. Applying the majority's holding of our recently published opinion in *United States v. Bastide-Hernandez*, —F.3d —, 2021 WL 345581 (9th Cir. 2021), we reverse and remand.

## I

Gonzalez-Valencia, a citizen and native of Mexico, has been removed from the United States five times since 2000. His 2001 removal serves as the predicate removal supporting the § 1326 charge in this case. In late 2000, the Immigration

and Naturalization Service ("INS") learned that Gonzalez-Valencia was in Washington state custody on charges of driving while his license was suspended and attempting to elude a pursuing police vehicle. Because Gonzalez-Valencia had been voluntarily removed from the United States just ten weeks prior, the INS denied his request for voluntary departure and initiated removal proceedings. The INS took Gonzalez-Valencia into immigration custody in December 2000.

The INS served Gonzalez-Valencia with a Notice to Appear ("NTA") on January 2, 2001. The NTA directed Gonzalez-Valencia to appear at a specified address, "Date and Time to be set." On January 8, the immigration court sent Gonzalez-Valencia a Notice of Hearing ("NOH") by fax to an unidentified custodial officer at the detention center, setting a hearing at 8:30 a.m. on January 9, 2001. The NOH specified a different hearing address than was listed in the NTA. Gonzalez-Valencia does not recall ever receiving the NOH and there is no paperwork showing when or if the unnamed custodial officer (or anyone else) served the NOH on Gonzalez-Valencia. It is undisputed, however, that Gonzalez-Valencia appeared at the removal hearing on January 9, which was held at the address listed in the NTA. The immigration judge ordered him removed to Mexico.

Relying on *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), the district court dismissed the indictment, holding that the immigration court lacked jurisdiction to enter the 2001 removal order because the NTA did not list the date and time of the removal hearing, and there was no evidence that Gonzalez-Valencia later received the missing information. The court also held that the lack of jurisdiction

excused Gonzalez-Valencia from having to satisfy the collateral attack requirements in 8 U.S.C. § 1326(d).[1]

## II

We review de novo the district court's dismissal of the indictment. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012). We note that the district court did not have the benefit of our decision in *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020).

In *Bastide-Hernandez*, the majority held that *Karingithi* and *Aguilar Fermin* compel the conclusion that "the jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." *Bastide-Hernandez*, 2021 WL 345581, at *2. Thus, the district court erred in dismissing the indictment.

As the majority explained in *Bastide-Hernandez*, defects in an NTA can serve as a basis to collaterally attack the validity of an underlying removal order, but only if the defendant can meet the requirements of § 1326(d). *See id.* at *2–3. The government argues that Gonzalez-Valencia met none of the requirements of § 1326(d), including because he failed to exhaust his administrative remedies during his 2001 removal proceedings and failed to show that his 2001 removal proceedings were fundamentally unfair based on the NTA's lack of date and time information.

---

[1] Section 1326(d) requires an alien to prove that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the [challenged] order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Gonzalez-Valencia did not address any of the § 1326(d) requirements in his brief, claiming that he did not need to because the immigration judge lacked jurisdiction.

Since the question of whether Gonzalez-Valencia met the § 1326(d) requirements because the NTA lacked date and time information was directly at issue in this appeal, we hold that Gonzalez-Valencia has failed to show that he can satisfy the § 1326(d) requirements based simply on the NTA's lack of date and time information, standing alone. Gonzalez-Valencia is thus foreclosed from making that argument on remand. Though the government appears to argue that he should be foreclosed from making *any* § 1326(d) arguments on remand, given our holding in *Bastide-Hernandez*, and the way this case has proceeded, we allow Gonzalez-Valencia to collaterally attack the underlying removal order on remand on other grounds, but only if he can meet all the requirements of § 1326(d). *See id.* at *3–4.

We reverse the district court's dismissal of the indictment and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**